IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| KIMBERLY BARNES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 3:16-CV-95-MSH |
| | : | Social Security Appeal |
| NANCY A BERRYHILL, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Plaintiff's application for disability insurance benefits, finding that she is not disabled within the meaning of the Social Security Act and Regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam).

"Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The Plaintiff bears the initial burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). The Plaintiff's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2] A Plaintiff seeking Social Security disability benefits must demonstrate that she suffers from an

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a Plaintiff must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a Plaintiff is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the Plaintiff is working. *Id.* If not, the Commissioner determines whether the Plaintiff has an impairment which prevents the performance of basic work activities. *Id.* Second, the Commissioner determines the severity of the Plaintiff's impairment or combination of impairments. *Id.* Third, the Commissioner determines whether the Plaintiff's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing"). *Id.* Fourth, the Commissioner determines whether the Plaintiff's residual functional capacity can meet the physical and mental demands of past work. *Id.* Fifth and finally, the Commissioner determines whether the Plaintiff's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

# ISSUES

**I.      Whether the ALJ gave appropriate weight to Plaintiff's treating physician.**

**II.     Whether the ALJ properly evaluated Plaintiff's credibility.**

## Administrative Proceedings

Plaintiff Kimberly Barnes filed her application for supplemental security income on July 16, 2012 alleging that she became disabled to work on March 1, 2002. Her claim was denied initially on November 21, 2012 and on reconsideration on February 28, 2013. She filed a written request for an evidentiary hearing before an administrative law judge (ALJ) on April 25, 2013, and the hearing was conducted on December 11, 2014. Plaintiff appeared with her attorney and gave testimony, as did an impartial vocational expert (VE). Tr. 17. The ALJ issued an unfavorable decision denying her claim on December 30, 2014. Tr. 14-27. She filed a request for review by the Appeals Council on February 20, 2015, but was denied on May 17, 2016. Tr. 5-11, 1-4. Having exhausted the administrative remedies available to her under the Social Security Act, Plaintiff now seeks judicial review of the final decision by the Commissioner to deny her application for supplemental security income benefits.

## Statement of Facts and Evidence

On the date when Plaintiff alleges she became disabled to work, she was thirty-five years old. She completed two years of college with an associate's degree in early childhood education. Tr. 52, 143, 40, 64. She has past relevant work as a teacher's assistant. Tr. 47-48. Plaintiff filed her application alleging disability as a result of low back pain. Tr. 164.

In conducting the five-step sequential analysis for the evaluation of disability claims established by the Commissioner's regulations, the ALJ found at step two that Plaintiff has the severe impairment of degenerative disc disease but further found at step three that her severe impairment neither meets nor medically equals a listed impairment found in 20 C.F.R. Part 404, Subpart P, Appendix 1. Findings Nos. 2 and 3, Tr. 20. Between steps three and four, the ALJ formulated a residual functional capacity assessment (RFC) which permits Plaintiff to perform light work as defined in 20 C.F.R. § 416.967(b) with added exertional restrictions. Finding No. 4, Tr. 20-22. At step four, the ALJ determined that Plaintiff can return to her past relevant work as a teacher's assistant within the assessed RFC and therefore found her to be not disabled to work. Findings Nos. 5 and 6, Tr. 22-23.

## DISCUSSION

Plaintiff contends that the ALJ erred when he gave only little weight to the opinion of her treating physician and also erred when he found her to be not entirely credible as to her subjective complaints of pain. Pl. Br. 2, ECF No. 13. The Commissioner responds that the ALJ properly gave only little weight to the opinion of Plaintiff's doctor and was correct to discount Plaintiff's testimony and statements about her back pain. Comm'r's Br. 4, 9, ECF No. 16.

I. **Did the ALJ give appropriate weight to Plaintiff's treating physician?**

In 2002, while employed as a teacher's assistant in the DeKalb County School District, Plaintiff fell while supervising children arriving at school. She described the fall in testimony to the ALJ as causing her to land "on both knees." She was thirty-five years

old at the time of the injury. Tr. 41, 40. Since that time, she contends that she has suffered disabling pain that she describes as "8/10" in intensity and persisting "24/7." Tr. 214. Plaintiff treated with David Stewart, M.D., a pain management specialist. She has also been examined by Michael Hartmann, M.D., a neurologist. Dr. Hartmann ordered an MRI in 2004 which showed "minimal degenerative disk changes and no evidence of any nerve root compression." Ex. 5F, Tr. 365. In his December 13, 2004 clinical examination of Plaintiff, he found her "in no acute distress" could find "no focal motor, sensory or reflex abnormality." He concluded that "certainly surgery is not indicated in any form or fashion." Tr. 367-68. She did not see Dr. Hartmann again until March 3, 2008, when he again concluded that objective testing and diagnostic procedures continued to show "no evidence of true disk herniation at any level." *Id.*

Although Dr. Hartmann discussed possible surgical options, there is no evidence in the record of any further consultations or treatment by the neurologist. Instead, Plaintiff has continued to see Dr. Stewart, who has treated her with medications such as Valium, Percocet, Ambien, Clonidine, and OxyContin, among others, as well as with trigger point injections and radiofrequency lesioning. Tr. 237-39, 329, 338- 39. Dr. Stewart has also "advocate[ed] continual daily physical therapy at home with exercise to maintain and improve tone and strength." Tr. 328. He has consistently characterized physical examinations as showing only "tenderness to palpitation" and a mild antalgic gait. Ex. 6F, Tr. 21.

As pointed out by the ALJ in his written decision, these clinical findings are consistent with objective medical testing by MRI done in August 2013 showing small

6

disc protrusion with no foraminal or central canal stenosis. Ex. 6F at 36, Tr. 21. A consultative medical evaluation in November 2012 by Palghat Mohan, M.D., showed full 5/5 strength in all extremities and normal coordination, gait, and range of motion throughout the body. Ex. 3F, Tr. 21, 22.

In evaluating the medical opinion evidence in the record, the ALJ gave "little weight" to an October 10, 2014 report by Dr. Stewart entitled "Medical Opinion Re; Ability To Do Work Related Activities (Physical)." In the report, Dr. Stewart said Plaintiff could lift less than ten pounds, stand less than two hours, and sit less than two hours daily. He also said that she would need to lie down twice in an eight hour work day and would miss work more than three times a month. Ex. 6F, 369-71. However, Dr. Stewart made no other indications like these at any other point in the ten-year treating relationship. As late as August 8, 2012, he continued to repeat nothing more than "tenderness to palpitation" and an unchanged diagnosis of degenerative disc disease with myofascial pain. Tr. 231.

In determining Plaintiff's severe impairments at step two, the ALJ found degenerative disc disease as Plaintiff's only severe impairment, following the general diagnosis made by Dr. Stewart. Finding No. 2, Tr. 20. However, the ALJ set forth clear and sufficient reasons for his conclusion that only little weight should be given to this opinion in so far as it described limitations that are extreme in light of the benign testing results. First, it is contrary to the weight of the objective medical evidence from two examining physicians—one of whom was a treating specialist in neurology—who could find little wrong with Plaintiff after MRI results were obtained and clinical examinations

conducted. Tr. 21-22. Where there are specific contradictions between the opinion of a treating physician and other medical evidence of record, the ALJ may properly give the treating physician's opinion less than controlling weight. *Phillips,* 357 F.3d at 1241. Second, Dr. Stewart's October 10, 2014 opinion was largely conclusory, not supported by any of his other clinical notations over a decade of care, and inconsistent with MRI results. It was not error to give it only little weight. *Crawford v. Comm'r of Soc. Sec.,* 363 F.3d 1155 (11th Cir. 2004). Plaintiff's first asserted error lacks merit.

## II. Did the ALJ properly evaluate Plaintiff's credibility?

Plaintiff also contends that the ALJ erroneously discounted her credibility in weighing her testimony and statements about her pain. The ALJ found that her allegations were not supported by her treatment history and that the treatment she chose to pursue was, according to her physician, sufficient to keep her stable and functional. Tr. 22. Other than the October 10, 2014 form on which Dr. Stewart indicated that Plaintiff had extreme restrictions due to pain, the record well supports the ALJ's conclusion. The October 10, 2014 form report was properly discounted by the ALJ.

The record shows objective evidence of only a single small disc protrusion in the lumbar spine with no evidence of central or foraminal stenosis and no nerve root compression. Ex. 6F at 36, Tr. 21. Examinations have consistently shown that Plaintiff has no neurological deficits and normal strength and range of motion. Ex. 3F, Tr. 350-61. Plaintiff, however, alleges excruciating and crippling pain at eight on a scale of ten with constant and unremitting persistence. The medical record simply does not support her complaints to the extreme degree she alleges. When the extent of pain reported is in

8

excess of what the medical record indicates based on objective evidence such as MRI testing, the ALJ may properly discount the subjective pain complaints. *Costigan v. Comm'r of Soc. Sec.,* 603 F. App'x 783, 787 (11th Cir. 2015). Plaintiff's second assertion of error has no merit.

## CONCLUSION

For the reasons stated above, the determination of the Social Security Commissioner is affirmed.

SO ORDERED, this 21st day of June, 2017.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE